UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MIKE LAUER, Board of Trustees Chairman, et al.,** ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
|    vs. ) | CAUSE NO. 1:08-cv-186-WTL-TAB |
| ) | |
| **W.H. CONSTRUCTION, INC., and** ) | |
| **WALTER H. HAMILTON,** ) | |
| ) | |
|   Defendants. ) | |

## ENTRY ON MOTION FOR SANCTIONS

This cause is before the Court on the Plaintiffs' motion seeking sanctions against the Defendants for their repeated failure to comply with their discovery obligations in this case. The Defendants have failed to respond to the motion for sanctions, and the time for doing so has long expired. The Court, being duly advised, finds the Plaintiffs' motion well-taken and therefore **GRANTS** the Plaintiffs' motion and imposes sanctions as set forth below.

Federal Rule of Civil Procedure 37(d)(1)(A)(ii) provides for the imposition of sanctions if a party fails to respond to discovery requests. In this case, the Plaintiffs served interrogatories and document requests on Defendant Walter H. Hamilton on February 27, 2009. When Hamilton still had not responded to the discovery requests on August 21, 2009, the Plaintiffs filed a motion to compel, which was granted by Magistrate Judge Baker on August 28, 2009. Magistrate Judge Baker ordered Hamilton to respond to the discovery requests within 20 days; he failed to do so.

On August 17, 2009, the Plaintiffs served document requests on Defendant W.H. Construction, Inc. ("WHC"). Like Hamilton, WHC failed to respond to the requests. In an

order dated November 11, 2009, Magistrate Judge Baker ordered WHC to serve its responses by November 30, 2009.  Like Hamilton, WHC failed to comply.  WHC also failed to comply with Magistrate Judge Baker's order to obtain new counsel within thirty days after its counsel withdrew in June 2009.[1]

Magistrate Judge Baker has warned the Defendants throughout this litigation that their failure to comply with his orders and respond to the Plaintiffs' discovery requests could result in sanctions, including default judgment.[2]  The Plaintiffs now seek entry of default judgment against both Defendants in the amount of $222,426.31.  This amount was arrived at via an admittedly incomplete audit process; however, the Plaintiffs have been unable to conduct a more complete audit because of the Defendants' failure to cooperate in the discovery process.  Accordingly, the Court finds that the Plaintiffs are entitled to judgment in the amount they seek.  The Court further agrees with the Plaintiffs that they are also entitled to recover any statutorily and/or contractually

---

[1] Hamilton, as an individual, may choose to represent himself, but a corporation may not proceed *pro se*. *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008).  WHC's failure to obtain replacement counsel since it was ordered to do so many months ago is an independent reason for entering default judgment against it. *See U.S. v. Hagerman*, 549 F.3d 536 (7th Cir. 2008) ("The usual course when a litigant not entitled to litigate pro se loses its lawyer in the midst of the case is to give it a reasonable opportunity to find a new one . . . and, if it fails, . . . [to] enter a default judgment.").

[2] *See* Order on June 25, 2009, Telephonic Status Conference (dkt. no. 37) ("Defendants shall have 30 days to obtain new counsel.  If Defendants do not obtain new counsel within this time, Plaintiff may then file any and all motions needed to prosecute this action, including motions for default judgment and a motion to compel any outstanding discovery requests."); Order [Granting Motion to Compel] (dkt. no. 39) ("The Defendant is hereby advised that the failure to answer the Interrogatories and respond to the Request for Documents or other disobedience of this Order may warrant sanctions by the Court."); Order [to Show Cause] (dkt. no. 43) (ordering Defendant Hamilton to show cause why he should not be held in contempt or sanctioned for failing to respond to discovery); Order on November 10, 2009, Show Cause Hearing (dkt. no. 46) (after Hamilton failed to appear at the show cause hearing, giving Plaintiffs 21 days to file a motion for a bench warrant or for sanctions against him).

mandated interest and liquidated damages, as well as their reasonable expenses and costs, including their audit fees and attorney fees. *See* Federal Rule of Civil Procedure 37(b)(2)(C).

**Within 30 days of the date of this Entry**, the Plaintiffs shall submit the appropriate affidavits and supporting documents necessary to establish those amounts so that final judgment may be entered against the Defendants.[3]

      SO ORDERED:   03/23/2010

                                                      Hon. William T. Lawrence, Judge
                                                      United States District Court
                                                      Southern District of Indiana

**Copies via United States Mail to:**

**Walter H. Hamilton**
**WH Construction, Inc.**
**7559 Rogers Drive**
**Indianapolis, Indiana 46214**

Copies to all counsel of record via electronic notification

---

      [3]The Complaint alleges that Defendant Hamilton is personally liable for the obligations of Defendant WHC for a variety of reasons; this allegation has been established as a matter of law by the entry of default.